UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARNELL INGRAM and KELLY BERNDT INGRAM,

        Plaintiffs,

   v.                                                         Case No. 09-CV-331

STATE OF WISCONSIN EMPLOYEES,
DEPARTMENT OF CORRECTIONS,
DIVISION OF COMMUNITY CORRECTION (regional 7),
PAUL HYLAND, KRIS WOOD, ERIC GROSS,
SALLY TESS, QUALA CHAMPAGNE,
JACKSON CORRECTIONAL INSTITUTION,
R. JOHNSON, MS. C. SHAMMIAH, MRS. DERUS,
RANDALL HEPP, FOND du LAC COUNTY,
FOND du LAC COUNTY DISTRICT ATTORNEY'S OFFICE,
CATHERINE BLOCK, FOND du LAC CIRCUIT COURT,
and RICHARD NUSS,

        Defendants,

## ORDER

The plaintiffs, Darnell and Kelly Ingram ("plaintiffs"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that their civil rights were violated. Plaintiff Darnell Ingram ("Darnell") is incarcerated at the Winnebago Correctional Center, and plaintiff Kelly Ingram ("Kelly") is not incarcerated. This matter comes before the court on the plaintiffs' petition to proceed *in forma pauperis*.

Because he is a prisoner, Darnell is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1); *Boribourne v. Berge*, 391 F.3d 852, 855–56 (7th Cir. 2004) (when proceeding *in forma pauperis*, one filing fee per prisoner is required). If a prisoner does not have the money to pay the filing fee, he

or she can request leave to proceed *in forma pauperis*. Darnell has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $11.86. Accordingly, Darnell's petition for leave to proceed *in forma pauperis* will be granted.

Kelly also seeks leave to proceed *in forma pauperis* but, as noted, Kelly is not a prisoner. The court may authorize a non-prisoner plaintiff to proceed *in forma pauperis*, meaning that the plaintiff does not have to prepay the $350.00 filing fee to commence the lawsuit, if the person submits an affidavit setting forth the assets that person possesses, indicating that the person is unable to pay the fees, and stating the person's belief that he or she is entitled to redress. 28 U.S.C. § 1915(a). According to Kelly's affidavit, she is employed, married, and has five legal dependents. She owns a car with an approximate value of $2,000.00, and has $25.00 in a savings account. Kelly's total monthly income is $3,883.80 and the total amount of her monthly expenses is $3,900.00. Based on Kelly's affidavit, the court is satisfied that she meets the requirements for proceeding *in forma pauperis* in this case.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state

a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (internal quotation omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for *pro se* prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970–71 (7th Cir. 2004). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id.* at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## DISCUSSION

The Federal Rules of Civil Procedure require that each allegation made in a pleading "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The rules also require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Failure to comply with these rules is grounds for dismissal of a complaint, although "leave to replead should ordinarily be granted." *Lindell v. McCallum*, 352 F.3d 1107, 1110 (7th Cir. 2003) ("If a complaint's length and lack of clarity make it unintelligible, dismissal under Fed.R.Civ.P. 8(a) is permitted.").

The plaintiffs in this case filed a complaint that was over 200 pages long, and listed eighteen separate defendants in the caption. The court is unable to discern with any accuracy the nature and extent of the plaintiffs' claims, and the court is not required to "read and decipher tomes disguised as pleadings,"[1] *Lindell v. Houser*,

---

[1] Indeed, the plaintiffs ask the court to do just that when they state at one point in the complaint that "the court may find other roles each conspirator is liable for, by reading the claim in its entirety." (Compl. at [unpaginated] 155.)

-4-

442 F.3d 1033, 1035 n.1 (7th Cir. 2006). Additionally, the court is concerned that in reading through the complaint and attempting to define the plaintiffs' claims, some of the claims the plaintiffs seek to assert might be missed. In light of these concerns and the plaintiffs' failure to comply with Rule 8 of the Federal Rules of Civil Procedure by simply, concisely, and directly stating their claims, the complaint will be dismissed with leave to replead.

The plaintiffs are advised, however, that there may be potential problems with the complaint, based solely on the caption. First, the plaintiffs name Fond du Lac County Assistant District Attorney Catherine Block and Fond du Lac County Circuit Court Judge Richard Nuss as defendants in this action. To the extent that the plaintiffs' claims against ADA Block involve her actions "in initiating a prosecution and in presenting the [government's] case," she "is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (footnote omitted). Additionally, it is a fundamental principle that judges are entitled to absolute immunity from damages for their judicial conduct, *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Pierson v. Ray*, 386 U.S. 547, 553–56 (1967); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001), so, to the extent the plaintiffs' claims against Judge Nuss involve judicial conduct, they are barred as well.

The plaintiffs also name the "Department of Corrections," the "Division of Community Correction (regional 7)" and the "Jackson Correctional Institution" (JCI) as defendants. The court notes, however, that "it is well established that neither a state nor a state agency . . . is a 'person' for purposes of § 1983." *Ryan v. Ill. Dep't*

-5-

*of Children and Family Servs.*, 185 F.3d 751, 758 (7th Cir. 1999) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)).  Therefore, to the extent that these entities qualify as state agencies, they are immune from suit under § 1983 by virtue of their Eleventh Amendment sovereign immunity.  *See id.*

The named defendant "FDL Co. Circuit Court" is also normally entitled to sovereign immunity, as it is a state court, *Comm. to Retain Judge Byers v. Elections Bd.*, 291 N.W.2d 616, 634 (Wis. Ct. App. 1980) (citing *Milwaukee County v. Halsey*, 136 N.W. 139, 142–43 (1912)) ("The circuit court is a component of the state court system created by art. VII, § 2 of the Wisconsin Constitution and has no relation to the system of county government."), and hence an arm of the State of Wisconsin. *See Kelly v. Mun. Courts of Marion County, Ind.*, 97 F.3d 902, 907–08 (7th Cir. 1996) (holding that municipal court, as a state court, was properly dismissed from § 1983 suit because of sovereign immunity).

The complaint also lists "FDL. Co. District Attorney's Office" as a defendant, but the plaintiffs are advised that the county DA's office is usually not a suable entity under § 1983.  Each Wisconsin county is a "prosecutorial unit" headed by an elected District Attorney and staffed by deputy or assistant DAs, who are state, and not county, employees.  Wis. Stat. §§ 978.01, 978.03, 978.04; *Ameritech Corp. v. McCann*, 403 F.3d 908, 910 (7th Cir. 2005); *Ass'n of State Prosecutors v. Milwaukee County*, 544 N.W.2d 888, 889 (Wis. 1996).  Furthermore, oversight of the DAs' budgets is entrusted to the Wisconsin Department of Administration, not the individual counties.  *See* Wis. Stat. § 978.11.  Thus, the "FDL Co. District Attorney's

-6-

Office" is merely a division of the State of Wisconsin, and a state is not a "person" that can be sued under § 1983. *See Will*, 491 U.S. at 64; *accord Buchanan v. City of Kenosha*, 57 F. Supp. 2d 675, 678–79 (E.D. Wis. 1999) (concluding that "an entity characterized as the 'office of the district attorney' or as the 'district attorney' does not have the authority to sue or to be sued").

Next, the plaintiffs name Fond du Lac County as a defendant. To establish a county's liability under § 1983, a plaintiff must show that he or she was "deprived of a federal right, as a result of an express municipal policy, widespread custom, or deliberate act of a decision-maker for [the county], which proximately caused [their injuries]." *Davis v. Carter*, 452 F.3d 686, 691 (7th Cir. 2006) (citing *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690–91 (1978)). Although it is not necessary for the plaintiffs to plead specific facts regarding such a claim, as noted, they must provide "a short and plain statement of the claim showing that [they] are entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Additionally, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

If the plaintiffs wish to proceed, they must file an amended complaint curing the deficiencies in the original complaint as described herein. A copy of the form for prisoner civil rights complaints is attached to this Order for plaintiffs' convenience in simply, directly, and concisely stating their claims in the amended complaint. Such amended complaint must be filed on or before **July 27, 2009**. Failure to file an amended complaint within this time period may result in dismissal of this action.

Plaintiffs are advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id*. (internal quotation omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A. Otherwise, the court will screen the original pleading.

Lastly, the court's review of the complaint reveals that the plaintiff has named additional defendants not previously listed in the court's docket for this case. Therefore, the Clerk of Court shall update the docket and the caption in this case to include these additional defendants.

# ORDER

**IT IS THEREFORE ORDERED** that both Darnell Ingram and Kelly Ingram's motions for leave to proceed *in forma pauperis* be and hereby are **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **July 27, 2009**, plaintiffs Darnell and Kelly Ingram shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Clerk of Court send the plaintiffs a prisoner civil rights complaint form and instructions.

**IT IS FURTHER ORDERED** that the Clerk of Court update the docket and the caption in this case to include the following defendants: State of Wisconsin Employees, Department of Corrections, Division of Community Correction (regional 7), Jackson Correctional Institution, Fond du Lac County, Fond du Lac County District Attorney's Office, and Fond du Lac Circuit Court.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prisoner trust account the $338.14 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin, this 26th day of June, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge