UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DARNELL INGRAM and KELLY BERNDT INGRAM,

    Plaintiffs,

        v.                                              Case No. 09-CV-331

STATE OF WISCONSIN EMPLOYEES,
DEPARTMENT OF CORRECTIONS,
DIVISION OF COMMUNITY CORRECTION (regional 7),
PAUL HYLAND, KRIS WOOD, ERIC GROSS,
SALLY TESS, QUALA CHAMPAGNE,
JACKSON CORRECTIONAL INSTITUTION,
R. JOHNSON, MS. C. SHAMMIAH, MRS. DERUS,
RANDALL HEPP, FOND du LAC COUNTY,
FOND du LAC COUNTY DISTRICT ATTORNEY'S OFFICE,
CATHERINE BLOCK, FOND du LAC CIRCUIT COURT,
and RICHARD NUSS,

    Defendants.

---

## ORDER

The plaintiffs, Darnell and Kelly Ingram ("plaintiffs"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that their civil rights were violated. Plaintiff Darnell Ingram ("Darnell") is incarcerated at the Winnebago Correctional Center, and plaintiff Kelly Ingram ("Kelly") is not incarcerated. This matter comes before the court on the plaintiffs' motion for a preliminary injunction or temporary restraining order.

To prevail on a motion for a preliminary injunction or temporary restraining order, the plaintiffs shoulder the burden of establishing: (1) a reasonable likelihood

of success on the merits; (2) that there is no adequate remedy at law; (3) that they will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the defendants will suffer if the injunction is granted; and (4) that the injunction will not harm the public interest. *See Goodman v. Illinois Department of Financial and Professional Regulation*, 430 F.3d 432, 437 (7th Cir. 2005); *see also Promatek Industries, Ltd. v. Equitrac Corp.*, 300 F.3d 808, 811 (7th Cir. 2002); *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992). The balancing for this test involves a sliding scale analysis: the greater the plaintiffs' chances of success on the merits, the less strong a showing they must make that the balance of harm is in their favor. *Storck v. Farley Candy Co.*, 14 F.3d 311, 314 (7th Cir. 1994).

By this court's June 26, 2009 order, the complaint in this case was dismissed, with leave to replead, for failure to provide a "short and plain statement of the claim showing that the pleader is entitled to relief," as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2). Because the plaintiffs thus do not currently have a valid claim pending before the court, they cannot demonstrate a reasonable likelihood of success on such claim. Therefore, their motion for a preliminary injunction or temporary restraining order must be denied without prejudice. Should the plaintiffs file a proper amended complaint, they may refile their motion for a preliminary injunction or temporary restraining order, subject to the burdens described above.

**ORDER**

**IT IS THEREFORE ORDERED** that the plaintiffs' motion for a preliminary injunction or temporary restraining order (Docket #6) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 10th day of July, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge