# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DARNELL INGRAM and
KELLY BERNDT INGRAM,

        Plaintiffs,

v.                                                                    Case No. 09-C-331

PAUL HYLAND, KRIS WOOD, ERIC GROSS,
SALLY TESS, and QUALA CHAMPAGNE,

        Defendants,

## AMENDED ORDER

Darnell and Kelly Ingram filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that their civil rights were violated. By order of June 26, 2009, both plaintiffs were permitted to proceed *in forma pauperis,* and directed to file an amended complaint. An amended complaint, signed solely by plaintiff Darnell Ingram, who was incarcerated at the Winnebago Correctional Center when he filed the original and amended complaints, is now before the court for screening, along with his August 4, 2009 motion for a preliminary injunction.

### STANDARD OF REVIEW FOR SCREENING A COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state

a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint "does not need detailed factual allegations," but it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. ___ , 129 S. Ct. 1937, 1949 (2009). It does not suffice if the complaint offers only "labels and conclusions," "naked assertions," or a "formulaic recitation of the elements of a cause of action." *Iqbal*, 129 S. Ct. at 1949 (2009) (quoting *Twombly*, 550 U.S. at 555, 557). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). This "facial plausibility" standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Accordingly, in reviewing a complaint, courts reject those allegations that are mere conclusions, and determine whether the facts alleged "plausibly give rise to an entitlement to relief" by "permit[ting] the court to infer more than the mere possibility of misconduct." *Id*. at 1950.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## COMPLAINT ALLEGATIONS

The amended complaint, filed July 21, 2009, names both Darnell Ingram and his wife Kelly Berndt Ingram as plaintiffs, but is signed only by Darnell Ingram.[1] Five employees of the Wisconsin Department of Corrections are named as defendants: Extended Supervision Agents Paul Hyland and Kris Wood, Supervisor Eric Gross, Regional Chief Sally Tess, and Administrator Quala Champagne.

On November 4, 2008, Agent Wood ordered Kelly Ingram not to have any contact with the plaintiff. On November 10, 2008, Agent Hyland ordered the plaintiff not to have any contact with Kelly Ingram. The following day, Supervisor Gross falsely accused Kelly Ingram of requesting no contact with the plaintiff, and refused

---

[1] *See* Doc. # 12 at 11. The amended complaint, filed July 21, 2009, includes a "Notice of Consent" signed by Kelly Ingram on January 24, 2009, purporting to give consent for her husband to litigate on her behalf. *Id.* at 12. A non-lawyer may not litigate on behalf of another individual, and Rule 11(a) of the Federal Rules of Civil Procedure specifically provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Accordingly, Darnell Ingram will now be considered the sole plaintiff in this action.

-3-

Case 2:09-cv-00331-JPS   Filed 02/26/10   Page 3 of 8   Document 23

to remedy the no contact order. Regional Chief Tess and Administrator Champagne refused to remedy the no contact order, stating that Kelly Ingram's sentencing judge ordered no contact unless approved by Kelly Ingram's agent.

The plaintiff contends that the no contact order violates his First, Eighth, and Fourteenth Amendment rights to enjoy due process and equal protection, to peacefully assemble, to practice his religion, and to be free from cruel and unusual punishment. As relief, the plaintiff seeks an injunction or restraining order terminating the no contact order as well as monetary damages.

## ANALYSIS

On February 8, 2010, the plaintiff notified the court that he and his wife share a new address. Thus, it appears that the plaintiff's request for an injunction terminating the no contact order is now moot. Because the plaintiff's complaint also seeks monetary damages, the court will proceed to evaluate whether it states a claim.

The Court of Appeals for the Seventh Circuit has not determined whether a prisoner has a liberty interest that includes a limited right to prison visits with family members, but has stated that such an interest is "conceivable." *Arsberry v. Illinois*, 244 F.3d 558, 565 (7th Cir. 2001). The Supreme Court has noted that "freedom of association is among the rights least compatible with incarceration," as "[s]ome curtailment of that freedom must be expected in the prison context." *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003). However, the Court also stated that it does "not

imply, that any right to intimate association is altogether terminated by incarceration or is always irrelevant to claims made by prisoners." *Id.* at 131. Rather, the standard is whether "the challenged regulations bear a rational relation to legitimate penological interests." *Id.* at 132.

In this case, the attachments to the complaint indicate that the plaintiff and his wife were criminal co-defendants, with a history of drug use. If true, this suggests a rational basis for restricting their contact, as "communication with other felons is a potential spur to criminal behavior." *Id.* at 134 (quoting *Turner v. Safley*, 482 U.S. 78, 91-92 (1987)). However, it would be premature to accept this explanation at this preliminary point in the proceedings. *See Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 455 (7th Cir. 1998) ("rather than accepting every word in a unilateral writing by a defendant and attached to a complaint as true, it is necessary to consider why a plaintiff attached the documents, who authored the documents, and the reliability of the documents"). Accordingly, the plaintiff may proceed on his claim that he was deprived of all contact with his wife, under both an Eighth Amendment theory asserting cruel and unusual punishment, and under the Fourteenth Amendment's due process clause.

In addition, the plaintiff contends that the defendants denied his requests, and those of his wife, for "full contact for reconciliation of marriage" and that this deprivation violated their "religion belief and practice." (Doc. #12 at 5). These allegations arguably state both a free-exercise claim under the First Amendment and

a claim under the Religious Land Use and Institutionalized Persons Act, and plaintiff may, therefore, proceed on these claims as well. *See Turner v. Safley*, 482 U.S. 78, 96 (1987) ("for some inmates and their spouses . . . the commitment of marriage may be an exercise of religious faith"); *Ortiz v. Downey*, 561 F.3d 664, 670 (7th Cir. 2009) ("Mr. Ortiz's complaint alleges that Chief Downey's actions imposed a substantial burden on his ability to exercise his religion; this is all that is required to state a claim . . . a prisoner who does not plead a RLUIPA violation specifically, but does allege unconstitutional restrictions on religious practice, states a claim under the statute."). However, the plaintiff's conclusory allegation that he "was intentionally treated in a discriminatory way" fails to state an equal protection claim, as it is devoid of any factual support. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) ("[A] court need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.") (internal quotation omitted).

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for a preliminary injunction (Docket #16) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that plaintiff Kelly Berndt Ingram be and is hereby **DISMISSED** as a party plaintiff;

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to

-6-

Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service;

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the complaint;

**IT IS FURTHER ORDERED** that the plaintiff shall pay the $333.76 balance of the filing fee;

**IT IS ALSO ORDERED** that a copy of this order be sent to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

The plaintiff is hereby notified that all correspondence and legal material must be filed with the Office of the Clerk of Court, 517 E. Wisconsin Avenue, Room 362, Milwaukee, Wisconsin 53202, and that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard

any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 26th day of February 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-8-

Case 2:09-cv-00331-JPS   Filed 02/26/10   Page 8 of 8   Document 23